**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Southern Division

|                                   |   |                            |
|-----------------------------------|---|----------------------------|
| **STEWART TITLE GUARANTY COMPANY,** | * |                            |
| Plaintiff,                        | * | Case No.: GJH-17-1009      |
| v.                                | * |                            |
| **DAVID W. COOK,** *et al.*,      | * |                            |
| Defendants.                       | * |                            |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Stewart Title Guaranty Company alleges that Defendant David Cook stole money from Plaintiff through a fraudulent real estate transaction, and a portion of that money is believed to be on deposit with Defendant Bank of America, N.A. ("BANA") in an account controlled by Cook himself and/or Cook Group, LLC. ECF No. 1. Plaintiff, a Texas corporation, alleges that Cook is an adult resident of Illinois, the Cook Group is a Virginia limited liability company, BANA's principal place of business is located in North Carolina, and the events underlying the fraudulent real estate transaction occurred in Richmond, Virginia. ECF No. 1. Plaintiff states that it has been unable to serve Defendants Cook and Cook Group, LLC and, on October 25, 2017, filed a Motion seeking leave to provide alternate service pursuant to 28 U.S.C. § 1655. ECF No. 8. Section 1655 provides for alternative service upon parties to an in rem action, and Plaintiff requests the Court to allow Plaintiff to pursue a lien against the funds in the aforementioned BANA bank account and serve the absent Defendants by publishing a Notice of Civil Action Order in a newspaper of general circulation in Richmond, Virginia. ECF No. 8-5.

On April 13, 2018, the Court issued a Letter Order directing Plaintiff to show good cause why venue is proper in the District of Maryland. ECF No. 9; *see also In re Carefirst of Maryland, Inc.*, 305 F.3d 253, 255–56 (4th Cir. 2002) (noting that pursuant to 28 U.S.C. § 1406(a), a district court may transfer a case laying venue in the wrong district to any district in which it could have been brought if it be in the interest of justice). Pursuant to 28 U.S.C. § 1391(b), venue is proper in the district where all defendants are located, § 1391(b)(1), the district where the claim arose or the property is situated, § 1391(b)(2), or, if there is no district in which an action may otherwise be brought, any district in which any of the defendants are subject to personal jurisdiction, § 1391(b)(3). Plaintiff argues that because Defendant BANA has a resident agent for service of process and is registered to do business in Maryland, venue is appropriate in this District under § 1391(b)(3).[1] However, aside from BANA having a resident agent in Maryland, the underlying Complaint has no connection to this District. Because the facts underlying Plaintiff's Complaint occurred in Richmond, Virginia, venue is proper in the Eastern District of Virginia pursuant to § 1391(b)(2) and is not proper in this District, regardless of whether BANA is subject to personal jurisdiction within this District. *See Fitzpatrick v. Allyn*, No. CCB-11-2202, 2012 WL 346634, at *3 (D. Md. Feb. 1, 2012) (holding that because venue is proper in the Southern District of New York under § 1391(b)(2), § 1391(b)(3) is inapplicable); *FS Photo, Inc. v. PictureVision, Inc.*, 48 F. Supp. 2d 442, 448 (D. Del. 1999) ("Section 1391(b)(3) may only be utilized if there is no other district which would have both personal jurisdiction and venue as to all defendants.").

---

[1] Pursuant to 28 U.S.C § 1391(c)(2), a corporation is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction."

Therefore, it is hereby **ORDERED**, by the United Stated District Court for the District of Maryland, that:

1. The **CLERK SHALL TRANSFER** the case file, pursuant to 28 U.S.C. § 1406(a), to the United Stated District Court for the Easter District of Virginia Spottswood W. Robinson III & Robert R. Merhige, Jr. U.S. Courthouse, 701 Broad Street, Suite 3000, Richmond, Virginia 23219, for all further proceedings as may be deemed appropriate by that court; and

2. Decision as to Plaintiff's Motion for Alternative Service, ECF No. 8, **IS STAYED** pending review by the Transferee Court.

Dated: July 11, 2018                      /s/
                                                                   GEORGE J. HAZEL
                                                                   United States District Judge